IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE,
WESTERN DIVISION

| | |
|---|---|
| **KINSALE INSURANCE COMPANY,** )<br> )<br> *Plaintiff*, )<br> )<br> v. )<br> )<br> **TMF VILLAGE GREEN, LLC, RYMAN** )<br> **FAMILY HOLDINGS, LLC, MULTI-** )<br> **SOUTH MANAGEMENT SERVICES,** )<br> **LLC, BULLSEYE INVESTMENTS, LLC,** )<br> **and TARSHA SHANQENIKIA SMITH,** )<br> **individually and on behalf of LAQUINCY** )<br> **DEMONTAYE MARTIN, a minor, deceased,** )<br> **as parent and next-of-kin,** )<br> )<br> *Defendants* )  | **CIVIL CASE NO.: 2:25-cv-2043** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Kinsale Insurance Company ("Kinsale"), by and through counsel, files this Complaint for Declaratory Judgment against Defendants TMF Village Green, LLC ("Village Green"), Ryman Family Holdings, LLC ("Ryman"), Multi-South Management Services, LLC ("Multi-South"), Bullseye Investments, LLC ("Bullseye"), and Tarsha Shanqenikia Smith, individually and on behalf of LaQuincy Demontaye Martin, a minor, deceased, as parent and next of kin ("Tarsha Smith"). In support thereof, Kinsale alleges as follows:

**NATURE OF THE ACTION**

**1.**

This insurance coverage declaratory action arises out of the claim that Kinsale owes Village Green, Ryman, and Multi-South a defense and indemnification in connection with an underlying action, now styled *Tarsha Shanqenikia Smith, individually and on behalf of Laquincy Demontaye Martin, a minor, deceased, as parent and next-of-kin v. TMF Village Green, LLC and Ryman*

*Family Holdings, LLC, jointly and d/b/a The Residence at Village Green Apartments, Multi-South Management Services, LLC, and Bullseye Investments, LLC*, in the Circuit Court of Shelby County, Tennessee, Case No. CT-2325-24 (the "Lawsuit"). Kinsale joins Tarsha Shanqenikia Smith, individually and on behalf of Laquincy Demontaye Martin, a minor, deceased, as parent and next-of-kin; and Bullseye Investments, LLC as parties to this action because of their role as other parties in the Lawsuit to ensure that it can obtain complete relief by resolving all issues between the parties.

2.

Kinsale seeks a judicial determination that it has no duty to defend or indemnify (1) Village Green; (2) Ryman; or (3) Multi-South in the Lawsuit under the insurance policy that Kinsale issued to Village Green and Ryman as the Named Insureds.

**THE PARTIES**

3.

Kinsale Insurance Company is a corporation formed and existing under the law of the State of Arkansas, with its principal place of business in Virginia. Kinsale is a surplus lines insurer eligible to provide insurance within the State of Tennessee. For the purposes of diversity, Kinsale is a citizen of Arkansas and Virginia.

4.

Defendant TMF Village Green, LLC is a foreign, for-profit limited liability company formed and existing under the laws of the State of Texas, with its principal place of business located in the State of Minnesota. Village Green is therefore a citizen and resident of Texas and Minnesota for the purposes of establishing jurisdiction. Village Green may be served through its registered

agent, Manoj Moorjani, at 9008 Cold Stream Lane, Eden Prairie, Minnesota 55347, or wherever Mr. Moorjani may be found.

5.

Defendant Ryman Family Holdings, LLC is a foreign, for-profit limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business located in the State of Minnesota. Ryman is therefore a citizen and resident of Delaware and Minnesota for the purposes of establishing jurisdiction. Ryman may be served through its registered agent, Manoj Moorjani, at 9008 Cold Stream Lane, Eden Prairie, Minnesota 55347, or wherever Mr. Moorjani may be found.

6.

Defendant Multi-South Management Services, LLC is a domestic, for-profit limited liability company formed and existing under the laws of the State of Tennessee, with its principal place of business located in the State of Tennessee. Multi-South is therefore a citizen and resident of Tennessee for the purposes of establishing jurisdiction. Multi-South may be served through its registered agent, David L. Shores, at 6075 Poplar Ave., Suite 630, Memphis, Tennessee 38119, or wherever Mr. Shores may be found.

7.

Defendant Bullseye Investments, LLC is a foreign, for-profit limited liability company formed and existing under the laws of the State of Florida, with its principal place of business located in the State of Florida. Bullseye is therefore a citizen and resident of Florida for the purposes of establishing jurisdiction. Bullseye may be served through its registered agent, Timothy L. Stieren, at 116 Via Capri, Palm Beach Gardens, Florida 33418, or wherever Mr. Stieren may be found.

**8.**

Upon information and belief, Defendant Tarsha Smith is a citizen and resident of Shelby County, Tennessee. Ms. Smith may be served at her residence or wherever she may be found.

## JURISDICTION AND VENUE

**9.**

Village Green transacts business in Shelby County, Tennessee, via its joint ownership of the Memphis, Tennessee property at which the shooting that forms the basis of this insurance declaratory action occurred, and therefore has sufficient contacts with the State of Tennessee such that this Court has personal jurisdiction over Village Green.

**10.**

Ryman transacts business in Shelby County, Tennessee, via its joint ownership of the Memphis, Tennessee property at which the shooting that forms the basis of this insurance declaratory action occurred, and therefore has sufficient contacts with the State of Tennessee such that this Court has personal jurisdiction over Ryman.

**11.**

This Court has personal jurisdiction over Multi-South because Multi-South is a citizen and resident of the State of Tennessee, and as Multi-South transacts business in Shelby County, Tennessee, via its property management of the Memphis, Tennessee property at which the shooting that forms the basis of this insurance declaratory action occurred.

**12.**

Bullseye transacts or did transact business in Shelby County, Tennessee, via its investment and/or financial interest in the acquisition of the Memphis, Tennessee property at which the

shooting that forms the basis of this insurance declaratory action occurred, and therefore has sufficient contacts with the State of Tennessee such that this Court has personal jurisdiction over Bullseye.

13.

This Court has personal jurisdiction over Tarsha Smith because Tarsha Smith is a citizen and resident of Tennessee.

14.

Additionally, or in the alternative, by filing the Lawsuit that forms the basis of this declaratory judgment action in the Circuit Court of Shelby County, Tennessee, Tarsha Smith transacted business in the State of Tennessee and established sufficient minimum contacts in the State of Tennessee such that this Court has personal jurisdiction over her.

15.

This Court has subject matter jurisdiction over each of the claims based on diversity grounds. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction as Kinsale has complete diversity of citizenship from each and every one of the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District and Division.

17.

This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Kinsale's obligations under a policy of insurance issued to Defendants Village Green and Ryman by Kinsale, as well as regarding Kinsale's obligations under this same policy to Defendant Multi-

South. Kinsale is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including Village Green, Ryman, and Multi-South's rights to defense and indemnity from the Lawsuit. An actual case and controversy of a justiciable nature exists between the parties involving those duties, rights, and obligations, if any, under the policy. Thus, Kinsale is entitled to bring this declaratory judgment action in this Court.

## THE INCIDENT AND THE LAWSUIT

18.

Village Green and Ryman jointly own an apartment complex located at 3450 Fescue Lane, Memphis, Tennessee 38115, commonly known as "The Residence at Village Green Apartments" (the "Property").

19.

On July 25, 2023, LaQuincy Demontaye Martin was present at the Property.

20.

On July 25, 2023, LaQuincy Demontaye Martin was shot with a deadly weapon in the Property's swimming pool area and died from his injuries (the "Incident").

21.

On June 4, 2024, Tarsha Smith, as parent and next-of-kin, filed a Complaint concerning the shooting and death of LaQuincy Demontaye Smith in an action, now styled *Tarsha Shanqenikia Smith, individually and on behalf of Laquincy Demontaye Martin, a minor, deceased, as parent and next-of-kin v. TMF Village Green, LLC and Ryman Family Holdings, LLC, jointly and d/b/a The Residence at Village Green Apartments, Multi-South Management Services, LLC, and Bullseye Investments, LLC*, in the Circuit Court of Shelby County, Tennessee, Case No. CT-2325-

24 (the "Lawsuit"). A true and correct copy of the underlying Complaint in the Lawsuit is attached hereto as **Exhibit A** and hereby incorporated by reference.

**22.**

The Lawsuit asserts allegations of wrongful death against Village Green, Ryman, Multi-South, and Bullseye. *See generally* **Exhibit A**.

**23.**

The Lawsuit alleges that on July 25, 2023, LaQuincy Demontaye Martin was a victim shot and killed with a deadly weapon during an altercation involving other individuals present at the Property, while an invitee of a resident of the Property. *See id.* at ¶¶ 6, 8-11.

**24.**

Tarsha Smith asserts that she is entitled to bring the Lawsuit against Village Green, Ryman, Multi-South, and Bullseye as she is the parent and next-of-kin of the decedent, LaQuincy Demontaye Martin, a minor. *See id.* at ¶¶ 1-2.

**25.**

Tarsha Smith asserts that Village Green, Ryman, Multi-South, and Bullseye are liable for the wrongful death of LaQuincy Demontaye Martin as, among other causes, they "breached their duty of care and failed to provide adequate security for their tenants and guests, which resulted in the shooting and injuries suffered by Decedent." *See id.* at ¶ 35.

**26.**

Tarsha Smith asserts that Village Green, Ryman, Multi-South, and Bullseye are liable for the wrongful death of LaQuincy Demontaye Martin as, among other causes, they negligently allowed criminal activity to exist and remain at the Property. *See id.* at ¶ 29.

**27.**

In addition, Tarsha Smith asserts that Village Green, Ryman, Multi-South, and Bullseye are liable for the wrongful death of LaQuincy Demontaye Martin as, among other causes, they negligently hired, trained, and retained their employees as pertains to care of the Property, and for negligent "entrustment of the premises to their agents and employees." *See* **Exhibit A** at ¶ 34.

**28.**

In addition, Tarsha Smith asserts that Village Green, Ryman, Multi-South, and Bullseye are liable for the wrongful death of LaQuincy Demontaye Martin as, among other causes, they "failed to take appropriate action to remedy or reduce the danger to their tenants and guests, including the Decedent, and allowed the dangerous environment on the subject property to continue to exist, thereby creating a nuisance." *See id.* at ¶ 40.

**29.**

Tarsha Smith asserts claims against Village Green, Ryman, Multi-South, and Bullseye among others, for wrongful death, negligence, loss of consortium, and actions showing "an entire want of care" and "conscious indifference to consequences." *See id.* at ¶¶ 46-48.

**30.**

The Lawsuit seeks damages for "the past, present and future losses sustained by Decedent as a result of the shooting;" Tarsha Smith's individual damages "as primary parent and next of kin," punitive damages "without limitation or cap," and costs of suit. *See id.*

**31.**

In total, the Lawsuit seeks "Fifteen Million Dollars ($15,000,000) in compensatory damages" and "Fifteen Million Dollars ($15,000,000) as exemplary and punitive damages," in addition to court costs. *See id.* at Prayer for Relief, p. 10.

## COMMUNICATIONS REGARDING THE INCIDENT AND LAWSUIT

**32.**

Upon information and belief, on or about June 12, 2024, Village Green and/or Ryman first informed Kinsale of the Incident.

**33.**

On July 19, 2024, Kinsale sent a reservation of rights correspondence collectively to Village Green and Ryman (the "ROR to the Named Insureds"), raising potential exclusions to and defenses against coverage pursuant to the Policy. A true and correct copy of the ROR to the Named Insureds is attached hereto as **Exhibit B** and incorporated herein by reference.

**34.**

Subject to a full reservation of its rights as detailed within the terms of the ROR to the Named Insureds, Kinsale agreed to provide a defense to Village Green and Ryman for the Lawsuit. *See generally* **Exhibit B**.

**35.**

In the ROR to the Named Insureds, Kinsale expressly reserved "the right to investigate, assert additional policy exclusions and coverage defenses not identified herein, file a declaratory judgment action regarding the existence/non-existence of coverage under the Policy, and to seek repayment of any non-covered defense costs and attorneys' fees from the Named Insureds." *See id.*

**36.**

In the ROR to the Named Insureds, Kinsale also expressly "reserve[d] the right to rely upon or assert coverage defenses arising from any of the terms, conditions, and exclusions of the Policy, including those not specifically discussed in this Reservation of Rights." *See id.*

**37.**

Additionally, in the ROR to the Named Insureds, Kinsale expressly "reserve[d] the right to withdraw its defense and deny coverage to Ryman and Village Green pursuant to the Policy's terms, conditions, limitations, and exclusions." *See id.*

**38.**

Following Multi-South's request for a defense to the Lawsuit under the Policy as the alleged property manager of the Property, on September 4, 2024, Kinsale sent reservation of rights correspondence to Multi-South (the "ROR to Multi-South"), raising potential exclusions to and defenses against coverage pursuant to the Policy. A true and correct copy of the ROR to Multi-South is attached hereto as **Exhibit C** and incorporated herein by reference.

**39.**

Subject to a full reservation of its rights as detailed within the terms of the ROR to Multi-South, Kinsale agreed to provide a defense to Multi-South for the Lawsuit. *See generally* **Exhibit C**.

**40.**

In the ROR to Multi-South, Kinsale expressly reserved "the right to investigate, assert additional policy exclusions and coverage defenses not identified herein, file a declaratory judgment action regarding the existence/non-existence of coverage under the Policy, and to seek repayment of any non-covered defense costs and attorneys' fees from Multi-South." *See id.*

**41.**

In the ROR to the Multi-South, Kinsale also expressly "reserve[d] the right to rely upon or assert coverage defenses arising from any of the terms, conditions, and exclusions of the Policy, including those not specifically discussed in this Reservation of Rights." *See id.*

**42.**

As well, in the ROR to Multi-South, Kinsale expressly "reserve[d] the right to withdraw its defense and deny coverage to Multi-South pursuant to the Policy's terms, conditions, limitations, and exclusions." *See id.*

## THE POLICY

**43.**

Kinsale issued Policy No. 0100173710-1 to "Ryman Family Holdings LLC" and "TMF Village Green LLC," which provided general liability coverage, subject to the policy's terms conditions, limitations, and exclusions, for the policy period of December 23, 2022, to December 23, 2023 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit D** and incorporated herein by reference.

**44.**

The insuring agreement for the Policy's Coverage A provides as follows:

> [Kinsale] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Kinsale] will have the right and duty to defend the insured against any "suit" seeking those damages.

**Exhibit D**, CG 00 01 04 13, p. 1 of 16.

**45.**

The Policy defines "occurrence" to mean "accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See id.* at p. 15 of 16.

**46.**

The Policy states that "the words 'you' and 'your' refer to the Named Insured[s] shown in the Declarations, and any other person or organization qualifying as a Named Insured[s] under this policy." *See id.* at p. 1 of 16.

**47.**

The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *See id.* at p. 13 of 16.

**48.**

The Policy contains an Assault and Battery Exclusion, asserted by Kinsale in both its ROR to the Named Insureds and its ROR to Multi-South, which states:

> This insurance does not apply to any claim or 'suit' for 'bodily injury' [ ] arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:
>
> 1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contract, or threat;
> 2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;
> 3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;
> 4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;
> 5. The reporting or failing to report to the proper authorities;
> 6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;
> 7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;
> 8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or
> 9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.
>
> This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

> This exclusion applies to any claim or 'suit' regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged 'bodily injury' [ ] arises out of a chain of events that includes any assault, battery, harmful or offensive conduct….

See **Exhibit D**, CAS3002 1016, p. 1 of 1.

**49.**

The Policy includes a Duty to Defend Exclusion, which states that "[w]here there is no coverage under this Policy, there is no duty to defend." See **Exhibit D**, CAS3043 0621, p. 2 of 3.

### COUNT ONE – DECLARATORY JUDGMENT: THE POLICY'S ASSAULT AND BATTERY EXCLUSION BARS COVERAGE FOR VILLAGE GREEN, RYMAN, AND MULTI-SOUTH IN CONNECTION WITH THE UNDERLYING LAWSUIT

**50.**

Kinsale repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

**51.**

The Lawsuit and all causes of action asserted therein are based on and arise out of LaQuincy Demontaye Martin being shot and killed in the swimming pool area of the Property.

**52.**

The Lawsuit expressly states that, as LaQuincy Demontaye Martin "attempted to flee the [swimming pool] area, he was shot in the back." See **Exhibit A**, ¶10.

**53.**

The Lawsuit expressly states that, after being shot, LaQuincy Demontaye Martin was "transported to Regional One Hospital, where he was pronounced dead." See *id.*, ¶¶10-11.

**54.**

The injuries sustained by and resulting death of LaQuincy Demontaye Martin constitute a "bodily injury," as defined within the terms and conditions of the Policy. *See* **Exhibit D**, Policy, CG 00 01 04 13, at p. 13 of 16.

**55.**

The "bodily injury" sustained by LaQuincy Demontaye Martin arose out of, related to, and/or involved an actual or alleged assault, battery, and/or harmful or offensive contact.

**56.**

All of the causes of actions asserted against Village Green, Ryman, Multi-South, and the other defendants, in the Lawsuit are based on the shooting of LaQuincy Demontaye Martin in the swimming pool area of the Property and are subject to the Policy's Assault and Battery Exclusion. *See* **Exhibit D**, Policy, CAS3002 1016 p. 1 of 1.

**57.**

Accordingly, Kinsale is entitled to a declaration that the Policy does not provide coverage to Village Green, Ryman, and/or Multi-South in connection with the Lawsuit, as all claims against it are precluded by the Policy's Assault and Battery Exclusion. Kinsale is also entitled to a declaration that has no duty to defend or indemnify Village Green, Ryman, and/or Multi-South in connection with the Lawsuit, pursuant to the terms, conditions, and exclusions of the Policy.

### COUNT TWO – DECLARATORY JUDGMENT: THE DUTY TO DEFEND EXCLUSION MAY BAR OR LIMIT COVERAGE

**58.**

Kinsale repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

**59.**

The Policy contains a Duty to Defend Exclusion, which states that "[w]here there is no coverage under this Policy, there is no duty to defend." **Exhibit D,** CAS3042 0621, p. 2 of 3.

**60.**

As set forth in the preceding and subsequent paragraphs and counts, coverage to Village Green, Ryman, and Multi-South is barred under the Policy.

**61.**

Accordingly, Kinsale is entitled to a declaration that Kinsale does not have a duty to defend Village Green, Ryman, and/or Multi-South in connection with the Lawsuit as coverage is precluded under other provisions of the Policy, including but not limited to the Assault & Battery Exclusion.

## COUNTY THREE – DECLARATORY JUDGMENT: "EXEMPLARY" AND PUNITIVE DAMAGES FLOW FROM THE ASSAULT AND BATTERY AND ARE ACCORDINGLY BARRED

**62.**

Kinsale repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

**63.**

The damages alleged in the Lawsuit concerning exemplary and punitive damages flow from the Assault and Battery on LaQuincy Demontaye Martin.

**64.**

Accordingly, Kinsale is entitled to a declaration that Village Green, Ryman, and Multi-South are not entitled to coverage in the Lawsuit for allegations concerning exemplary and/or punitive damages, as Tarsha Smith seeks to recover damages that flow from an occurrence for which Kinsale is not obligated to provide coverage under the Policy.

**WHEREFORE**, Kinsale respectfully requests that the Court:

(1)  Declare that the Policy's Assault and Battery Exclusion bars coverage for Village Green, Ryman, and Multi-South in connection with the Lawsuit and, therefore, that Kinsale does not owe Village Green, Ryman, and/or Multi-South a defense or indemnity as pertains to the Lawsuit;

(2)  Declare that the Policy's Duty to Defend Exclusion precludes any duty for Kinsale to provide a defense to Village Green, Ryman, and/or Multi-South in connection with the Lawsuit, and therefore, Kinsale does not owe Village Green, Ryman, and/or Multi-South a defense or indemnity as pertains to the lawsuit.

(3)  Declare that the Policy does not provide coverage to Village Green, Ryman, and/or Multi-South for exemplary or punitive damages because these flow from an incident for which coverage is not provided under the Policy.

(4)  Award Kinsale such other further relief that the Court may deem just and proper.

This 15th day of January, 2025.

**FIELDS HOWELL LLP**
315 Deaderick St., Suite 1700
Nashville, TN 37238
615.348.5056 (Telephone)
404.214.1251(Facsimile)
cbrooks@fieldshowell.com

*/s/ Christopher R. Brooks*
Christopher R. Brooks
BPR No.:  032486
*Counsel for Plaintiff Kinsale Insurance Company*