**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KINSALE INSURANCE COMPANY,** <br><br> ***Plaintiff*,** <br><br> **v.** <br><br> **TMF VILLAGE GREEN, LLC, RYMAN FAMILY HOLDINGS, LLC, MULTI-SOUTH MANAGEMENT SERVICES, LLC, and TARSHA SHANQENIKIA SMITH, individually and on behalf of LAQUINCY DEMONTAYE MARTIN, a minor, deceased, as parent and next-of-kin,** <br><br> ***Defendants*** | ) | **CIVIL CASE NO.: 2:25-cv-2043** |

**<u>PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Plaintiff Kinsale Insurance Company ("Plaintiff") hereby moves pursuant to Federal Rule of Civil Procedure 12(c) for Judgment on the Pleadings. Plaintiff hereby relies on its contemporaneously-filed Memorandum of Law in support of its Motion.

Plaintiff's Motion should be granted because the undisputed facts in the pleadings, including Amended Answers of Defendants Tarsha Smith and Defendants TMF Village Green, LLC, Ryman Family Holdings, LLC, and Multi-South Management Services, LLC (collectively "Defendants"), show there is no dispute that coverage as to all allegations in the Underlying Lawsuit is excluded by the terms and exclusions of the applicable insurance policy issued by Plaintiff, namely its Assault & Battery Exclusion. In short, Defendants' responsive pleadings in the present suit confirm that all allegations in the Underlying Lawsuit arise from the assault and battery leading to the death of LaQuincy Martin. Tennessee courts routinely enforce assault and battery exclusions analogous to that in the Policy issued by Plaintiff to bar coverage for injuries

arising from battery, as further detailed in the contemporaneously filed Memorandum of Law. In addition, Defendants have confirmed the authenticity of the Policy and all documents attached to Plaintiff's Complaint, which demonstrate the lack of coverage for the Underlying Lawsuit, making full adjudication proper pursuant to Fed. R. Civ. P. 12(c).

WHEREFORE, pursuant to Fed. R. Civ. P. 12(c), Plaintiff seeks a Judgment and Order from this Court that the Policy's Assault and Battery exclusion bars coverage and, therefore, Plaintiff does not owe defense or indemnity to any of the Defendants as pertains to the Underlying Lawsuit, and for such further relief as this Court deems just and appropriate.

Respectfully submitted this 25th day of July 2025.

**FIELDS HOWELL LLP**
315 Deaderick St., Suite 1700
Nashville, TN 37238
615.348.5056 (Telephone)
404.214.1251(Facsimile)
cbrooks@fieldshowell.com
ptennison@fieldshowell.com

*/s/ Christopher R. Brooks*
Christopher R. Brooks
BPR No.: 032486
Paul E. Tennison
BPR No.: 036956
*Counsel for Plaintiff Kinsale Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record, via the Court's CM/ECF E-File System.

This 25th day of July 2025.

**FIELDS HOWELL LLP**
315 Deaderick St., Suite 1700
Nashville, TN 37238
615.348.5056 (Telephone)
404.214.1251(Facsimile)
cbrooks@fieldshowell.com
ptennison@fieldshowell.com

*/s/ Christopher R. Brooks*
Christopher R. Brooks
BPR No.: 032486
Paul E. Tennison
BPR No.: 036956
*Counsel for Plaintiff Kinsale Insurance Company*